## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

United States of America

v.

Earl Zhivago Coleman
_____
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case No. 1-14-MJ-21

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I – Findings of Fact

_____ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of _____ a federal offense _____ a state or local offense that would have been a federal offense if federal jurisdiction had existed – that is

_____ a crime of violence as defined in 18 U.S.C. § 3156(a)(4), or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which the prison term is 10 years or more.

_____ an offense for which the maximum sentence is death or life imprisonment.

_____ an offense for which a maximum prison term of ten years or more is prescribed in:

_____.*

_____ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

_____ any felony that is not a crime of violence but involves:

_____ a minor victim

_____ the possession or use of a firearm or destructive device or any other dangerous weapon

_____ a failure to register under 18 U.S.C. § 2250

_____ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

_____ (3) A period of less than 5 years has elapsed since the _____ date of conviction _____ defendant's release from prison for the offense described in finding (1).

_____ (4) Findings (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that defendant has not rebutted that presumption.

### Alternative Findings (A)

✓ (1) There is probable cause to believe that the defendant has committed an offense

✓ for which a maximum prison term of ten years or more is prescribed in:
Controlled Substances Act (21 U.S.C. 801 et seq.)_____.*

_____ under 18 U.S.C. § 924(c).

_____ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

✓ (1) There is a serious risk that the defendant will not appear.

_____ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by _____ clear and convincing evidence ✓ a preponderance of the evidence that:

defendant is charged with possession of heroin with intent to distribute and possession of a firearm by a convicted felon. Although defendant is 37 years old, he has no stable residence and no recent work history. He admits to a serious heroin addiction. Defendant has a long criminal history featuring over 30 failures to appear in felony, misdemeanor, and traffic cases. Defendant has been held in contempt approximately 10 times, with no apparent effect on his willingness to appear. Also, defendant has never successfully completed probation in any case. Defendant's consistent history of violating orders of probation and conditions of bond shows that no conditions of bond imposed by this court would adequately assure his appearance.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: February 7, 2014

Judge's Signature: /s/ Joseph G. Scoville

Name and Title: Joseph G. Scoville, U.S. Magistrate Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).